

Nathaniel Marcus Gann
#G64542: B2-26-03L
VSP
P.O. Box 96
Chowchilla, CA 93610

Plaintiff in Pro Se

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nathaniel Marcus Gann<br><br>    Plaintiff,<br><br>    v.<br><br>R. Garcia, et al.,<br><br>    Defendants. | Case No.: 1:19cv-0439-DAD-JLT (PC)<br><br>Objections to Magistrate Judge's Findings and Recommendations |

On 8/5/20 Plaintiff recieved the Magistrate Judge's F&R, and due to difficulties arising from both the CoVid-19 Pandemic and other ongoing litigation, the plaintiff requested an extension to file this objection. The difficulties continue, but plaintiff files this objection with the resources that have been made avialable to him.

I. Mail Tampering

The findings indicate that it is necessary for the Plaintiff to plead how he discovered his mail had been tampered with. First and foremost, the plaintiff objects to this interjection of a requirement to the pleading standard. The findings indicate no caselaw or regulation requiring this. However, plaintiff will disclose that he discovered the tampering when the clerk/analyst at the Government Claims Board signed a declaration that the documents in question had not been recieved/were not in the records of the Government Claims Board (Exact verbiage can be provided, but is curently unavailable while in the prison R&R Storage Annex).

this declaration was used in the Gann v. Ugwueze case (17c0341) to substantiate a erroneous demurrer. The Magistrate Judge appears to acknowledge the discovery on page 5 ln. 9-13.

Further in 2019 U.S. Dist.Lexis 110243 Strohmeyer v. Balanger July 2, 2019; "Unidentified mailroom officers delaying, not delivering and destroying mail" was enough to substantiate a 1st amendment violation, since prisoners have a first amendment right to send and recieve mail. Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995).

II. Access to Court

The plaintiff in his pleading only made a brief statement regarding his case as is the pleading standard. Plaintiff was denied access to the courts (even as ntoed by this Magistrate Judge) if for no other reason than to litigate the prison conditions surrounding his religious observance, as well as restricting his claims forms and barring state tort actions. As the Magistrate notes on page 9 lna 21-26, plaintiff also plead these as forward looking litigation that had been hindered, as related to the lost claims of missed meals and religious freedom. The magistrate only makes an arguement here that additional information is necessary, contrary to the reccommendation that no further amendment would be fruitful. Plaintiff made his plain statement, w/jurisdiction, his relief entitled, and the demand for relief sought for this claim as is required by Fed. Civ. Prod. 8(a).

By defendants actions they provided a challenge to plaintiff's conditions of confinement; i.e. "Penal institutions may not actively interfere with inmates' attempts to prepare or file legal documents, and must provide prisoners a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts" Lewis v. Casey, 518 U.S. 343, 350-51, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); see also Hebbe v. Pliler, 627 F.3d 338, 492 19th Cir. 2010). The actions of defendants most certainly

01 constitute as pled a violation of this nature.

02 Note that the efforts of the defendants retaliation as already
03 found cognizable in the F&R hindered the litigation. See; "Alleged
04 manifestatioins of prison officials' retaliation against inmates for their
05 litigation activities **did not themselves** have to amount to violation of
06 inmates constitutional rights in order to permit inmates to maintain §1983
07 action for prison officials' alleged intent to impede access to courts."
08 [Emphasis added] Madewell v. Roberts, 909 F.2d 1203 42 U.S.CA. §1983.

09 Of INCREDIBLE note; "Inmate's allegations that prison officials
10 confiscated, and failed to ship his legal files and other legal materials when
11 he was transferred to another prison, which caused him to default in several
12 cases, intercepted his outgoing mail and prevented documents from being
13 filed in court, and seized his computer aequipment and several typewriters,
14 which prevented him from submitting his pleasings because they were not
15 typewritten, were sufficient to state civil rights claim under §1983."
16 Walker v. Clark, 53 Fed.Appx. 804 42 U.S.C.A. §1983.

17 Note that the plaintiff specifically named the deficiencies in his
18 intended legal filings, i.e. the names, dates, and quotes and the actual
19 injury of lack of meals and rejection of the religious expression (observances)
20 were pled.

21 Plaintiff was denied his legal materials, and even typewriter, and this
22 is actionable under 1983, "Deprivation of inamte's legal materials by prison
23 authorities resulting in prejudice to the inmate in proceedings with a legal
24 claim, may be actionable under §1983." Castro v. Terhune, 29 Fed.Appx. 463.

25 Upon plaintiff's transfer, when the defendants confiscated and
26 destroyed his legal documents, materials, and typewriter he was highly prejudiced
27 in his ability to access the courts and litigate his prison conditions. Plain-
28 tiff placed the documents into the hands of defendants as stated in the claim.

At that time they were intentionall destroyed and lost, this included notes, court trial transcripts (partial "discovery" over 3 years later), receipts for merchandise taken at that time (they destroyed receipts of the merchandise being destroyed and stolen). The only partial recovery was years later some of the trial (only some) transcripts, leaving plaintiff only able to proceed on his criminal post-conviction relief, and litigation that had other sources of evidence such as a subsequent surgery that had not yet occurred at the time of the constitutional violation. See;

"State prisoner had viable civil rights claim based on allegations that legal papers and documents were accepted and thereafter intentionally lost by institutional staff, and that, without documents, including sales reciepts for merchandise he was alleged to have stolen, he was severely limited in pursuing post-conviction relief." 42 U.S.C.A. §1983; Fed. Rules Civ. Proc. Rule 12(b)(6), 28 U.S.C.A. Gregory v. Nunn, 895 F.2d 413.

Plaintiff clearly states a cognizable claim and any deficiency can be remedied.

III. Free Exercise

The F&R is inconsistent in regards to the free exercise screening. It states no linkage to a defendant, yet notes in the access to courts the various notes confiscated and named Hacker and Sherman. It says the claim is vague, yet the claim explicitly explains Kosher Observance and Holiday observance such as Channukah. Further amendment can name Doe defendants and PRA requests can be made to try and garnish names for approxiamte dates. The allegation of who denied meals uses the job titles, and further information requested such as the fact that it was dinner meals, at approximately 1700 hours can be included via amendment by motion of the court. Jumping to the conclusion that the claim is non-cognizable is beyond the scope of screening and the requirements added by the Magistrate Judge exceep that of 1983.

4

If the Magistrate Judge needs additional information to determine whether a claim passes or survives screening then the court can place an order onto the petitioner. Screening as non-cognizable claims is not appropriate.

If specific information is needed to solidify a claim, then further amendment is appropriate is the information cannot be gathered by the above order. But easy-going screening as non-cognizable only serves to limit the plaintiff on his claims and prejudices him in his action. Plaintiff objects to the above mentioned screening as non-cognizable assertions.

Plaintiff does not believe that it is the intention of §1983 screening to be used as an extra layer of litigation on behalf of the defendants, but instead only to determine if there is a liberal link from a claim to a constitutional footing. I.e., they denied plaintiff kosher meals and holiday observances over an entended period of time in the year of 2015-2016 (December 2015, Debember 2016). That is a concrete link, explicitly stating that the man in charge of petitionar's custody was directly made aware and failed to correct the problem (Sherman/Hacker) completes the necessities. If this court wishes for additional Does to be added in place of job titles then amendment is appropriate, if the name of the facility captains (Martinez/Haak) is what is needed then a order can suffice or amendment, not screening as non-cognizable.

IV. Due Process

Again it appears the Magistrate misunderstood, no post-loss remedy was meaningfully available due to the confiscation of legal documents and interfearracne with the mail. Further, The state tort law requires that the grievance process be utilized prior to filing in state court, this too was interfearred with, denying a post-deprivation remedy. The arguement isn't meant to say that the right to grieve was messed with, but that right to file suit was by the requirement of the use of the grievance process and therefore

the right to file suit was interfearred with.

Also, the allegation of defednant clark. It's not just a false-allegation claim. It is the fact that she invented a false allegation to cancell the inmate appeal, and once an appeal has been cancelled (if not reinstated) then the inmate is barred from filing in state court and proceeding in any court action. By her doing this she interfearred with plaintiffs access to the court. Plaintiff does not know how to word things in the proper legal context but makes every effort to do so, the F&R seems to mis-interpret a great deal of the plaintiffs allegations and ignoring their common nexus, each supporting the other making not many small claims, but a few strong claims of the same issues. To show the entire timeline of problems from start to finish and how systematically the plaintiff has had to continuously fight the blatend corruption in CDCR of its employees. How the Lieutenant E-mailed Sgt. Clark telling her to write a bogus CDCR-128 for the purpose of frustrating the Plaintiff's claims and remedies. That is the claim, not that the plaintiff has a right to accurate central file records.

V. State Law Claims.

Plaintiff reasserts that this court is appropriate for jurisdiction over the state law claims, they do not completely cover over the constitutional claims - they in fact, are heavily linked. One supporting or merging with the other, it is a waste of judicial resources to separate them and would only serve to create additional litigation of the same issues in two different courts. I.e. they took my property, yes its a constitutional violation becuase much of it was legal work/documents - but also contained property of value to the plaintiff. It is both a state and federal claim and no reason to separate exists.

//
//

VI. Conclusion

Plaintiff provided a fairly solid case law reason for why his mail cl;aim and access to courts claim should proceed. He also provides for a meaningful method to shore-up his obhjer claims if they are still found to be non-cognizable and the court considers the actual meaning behind his claims further remedy plaintiff believes is not necessary.

While plaintiff did not have the access to redily reply and was only able to access a limited amount of case-law to support his point he hopes that any oversight or mis-interpretation by the honorable Magistrate Judge can be reconciled and plaintiff's claims proceed as ppled, additional info be garnished through court order, or further amendment be made.

Respectfully Submitted,

_Nathaniel M. Gann_  9/8/20
Nathaniel Marcus Gann    (Date)
Plaintiff in Pro Se

//
//
//
//
//
//
//
//
//
//
//
//

UNITED STATES DISTRICT COURT
_Eastern_ DISTRICT OF CALIFORNIA

Nathaniel Marcus Gann

v.

R. Garcia, et al.,

Case Number: 1:19cv-0439-DAD-JLT (PC)

PROOF OF SERVICE

I hereby certify that on 9/8/20, I served a copy of the attached Objections to Magistrate Judge's Findings and Recommendations.

by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the United States Mail at

Chowchilla, CALIFORNIA:

(List Name and Address of Each Defendant or Attorney Served)

Clerk of the Court
Room 1501
United States District Court
2500 Tulare Street
Fresno, CA 93721

I declare under penalty of perjury that the foregoing is true and correct.

_Nathaniel M. Gann_

(Signature of Person Completing Service)