UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL MARCUS GANN,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>J. CORRAL, et al.,<br><br>　　　　　　Defendants. | No.  1:19-cv-0439-DAD-JLT (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 15) |

　　　　Plaintiff Nathanial Marcus Gann is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On July 27, 2020, the assigned magistrate judge screened plaintiff's first amended complaint and issued the pending findings and recommendations, recommending that claims against defendants Correctional Officer B. Piper and Correctional Officer R. Garcia for retaliation in violation of the First Amendment be allowed to proceed and that all other claims and defendants be dismissed.  (Doc. No. 15.)  The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen days.  (*Id.* at 23.)  After an extension of time, on September 8, 2020, plaintiff timely mailed his objections to the pending findings and recommendations.  (Doc. Nos. 16–18.)

/////

Plaintiff objected specifically to the recommendation that his First Amendment claims for mail tampering, access to the courts, and free exercise of religion; Eighth Amendment claim for cruel and unusual punishment; Fourteenth Amendment due process claims; and his claims brought under state law be dismissed. (Doc. No. 17.) Therein, plaintiff makes many arguments which could be summarized as objecting on the grounds that the findings and recommendations held his claims to a higher standard of pleading specificity than his believes is required by the applicable caselaw. (*Id*. at 1–2, 3, 5–6.) Plaintiff also identifies details included in his complaint that he alleges were overlooked by the magistrate judge and provides additional information in support of his claims. (*See, e.g*., 5–6.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections (Doc. No. 17), the court finds the findings and recommendations to be supported by the record and by proper analysis.[1] The court has also reviewed plaintiff's claims for violation of his rights under the Eighth Amendment and for estoppel brought under the Fourteenth Amendment and does not find either to be cognizable.

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishments. *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *see also Ingraham v. Wright*, 430 U.S. 651, 670 (1977); *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, however, for "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Whitley*, 475 U.S. at 319. Here plaintiff alleges he was subjected to cruel and unusual punishment because certain defendants "engaged in a campaign to deny plaintiff [] his personal property." (Doc. No. 11 at 11.) He alleges that *inter alia*, legal documents, science fiction manuscripts, and his only photographs of his mother and grandmother,

---

[1] The undersigned notes that the pending findings and recommendations recommended the dismissal of plaintiff's claim 2 asserting cruel and unusual punishment under the Eighth Amendment and plaintiff's claim 3(D) asserting estoppel brought under the Fourteenth Amendment. However, it appears that the findings and recommendations neglected to address the former and while the latter was inadvertently included in the state law claim discussion, it appears that it was not addressed on the merits. (Doc. Nos. 11 at 5, 11, 13; Doc. No. 15.)

were taken and destroyed by the defendants. (*Id*.)

To state an Eighth Amendment claim, an inmate must allege facts that satisfy a two-part test.  First, the inmate must allege facts showing that objectively he suffered a sufficiently serious deprivation of the right not to be subjected to cruel and unusual punishment.  *Id*. at 298.  Second, the inmate must allege facts showing that subjectively each defendant had a culpable state of mind in allowing the inmate's deprivation of rights to occur.  *Id*. at 299.  Here, while the second prong of the test is likely satisfied, and even though the court would not condone any of the behavior alleged by plaintiff, the type of conduct alleged does not rise to the level of sufficiently serious deprivation as required to assert a claim under the Eighth Amendment.

Plaintiff also alleges a claim of estoppel, which is purportedly brought under the Fourteenth Amendment.  (Doc. No. 11 at 13.)   In this claim, plaintiff alleges his typewriter was confiscated and/or destroyed, and at some point during the appeal of his inmate grievance, he alleges he was forced and coerced into signing a document that prevented him from seeking tort damages in exchange for a replacement typewriter.  Liberally construing this claim as a due process violation would not give rise to a cognizable claim because there is no right to due process for inmate grievances.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (finding that because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances).  To the extent in asserting this claim plaintiff meant to invoke another provision of the Fourteenth Amendment, the court is unable to determine what relief is sought.

Accordingly,

1. The findings and recommendations issued on July 27, 2020 (Doc. No. 15) are adopted;

2. This action shall proceed only on plaintiff's first amended complaint, filed December 16, 2019 (Doc. No. 11), against defendants Correctional Officer B. Piper and Correctional Officer R. Garcia for retaliation in violation of the First Amendment;

/////

3. All other claims are dismissed from this action for failure to state a claim; and

4. This action is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: __**February 19, 2021**__      _/s/ Dale A. Drozd_
UNITED STATES DISTRICT JUDGE