UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL MARCUS GANN,<br><br>    Plaintiff,<br><br>v.<br><br>R. GARCIA, et al.,<br><br>    Defendants. | Case No. 1:19-cv-00439-DAD-BAK (SAB) (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY<br><br>(ECF No. 39)<br><br>TWENTY-ONE-DAY DEADLINE |

    Plaintiff Nathanial Marcus Gann is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. Plaintiff has filed a motion to compel Defendants Garcia and Piper to amend their responses to Plaintiff's request for production of documents and answers to admissions. (ECF No. 39.) Defendants filed a response in opposition. (ECF No. 40.) For the reasons set forth below, the Court DENIES the motion to compel.

**I.**

**LEGAL STANDARDS**

**A. Motion to Compel Discovery**

    Rule 26 of the Federal Rules of Civil Procedure governs the scope and limits of discovery:

///

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). A party may serve on any other party an interrogatory, a request to admit the truth of a matter, or a request to produce documents, electronically stored information, or tangible things. Fed. R. Civ. P. 33(a), 34(a), 36(a). Pursuant to the Court's discovery and scheduling order, "[r]esponses to written discovery requests shall be due 45 days" after the requests are served. (ECF No. 36 at 2.) If a party objects to production, the objection must indicate where responsive materials are withheld on the basis of that objection. Fed. R. Civ. P. 34(b)(2)(C).

If a party fails to produce requested documents or to answer an interrogatory or request for admission, the party seeking discovery may file a motion to compel a response. Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). The moving party must "state the relief sought" and provide "with particularity the grounds for seeking" the relief. Fed. R. Civ. P. 7(b)(1). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted).

Plaintiff has the burden of informing the court why he believes the defendants' responses are deficient, why the defendants' objections are not justified, and why the information he seeks through discovery is relevant to the prosecution of this action. Ransom v. Marquez, No. 1:10-CV-00397-AWI, 2015 WL 1011706, at *6 (E.D. Cal. Mar. 5, 2015); Boston v. Garcia, No. 2:10-CV-1782 KJM DAD, 2013 WL 1165062, at *1 (E.D. Cal. Mar. 20, 2013), aff'd 588 F. App'x 710 (9th Cir. 2014) (citing Brooks v. Alameida, No. CIV-S-03-2343 JAM EFB P, 2009 WL 331358 at *2 (E.D. Cal. Feb.10, 2009)). Relevant information for purposes of discovery is information "reasonably calculated to lead to the discovery of

admissible evidence." Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005) (citing Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir.1992)).

Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited and the burden of clarifying, explaining or supporting its objections." Calloway v. Nieves, No. 2:19-cv-KJM-CKD P, 2021 WL 5893314, at *2 (E.D. Cal. Nov. 29, 2021) (citing Bryant v. Ochoa, No. 07-cv-0200 JM PCL, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009)).

Although the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a *pro se* litigator; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. Cnty. of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor, 406 F.3d 625, 635 (9th Cir. 2005); Hallett, 296 F.3d at 751. The Court must limit discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

**B. Production of Documents**

Where a party fails to produce documents requested under Rule 34, the party seeking discovery may file a motion to compel production. Fed. R. Civ. P. 37(a). The opposing party carries "a heavy burden of showing why discovery was denied." Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

"In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence. Simmons v. Adams, No. 1:10-CV-01259-LJO, 2013 WL 2995274, at *4 (E.D. Cal. June 14, 2013) (citing Uribe v. McKesson, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2–3 (E.D. Cal. Mar. 9, 2010)). If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must also so state with specificity. Simmons, 2013 WL 2995274, at *4 (citing Ochotorena

///

3

v. Adams, No. 1:05-cv-01525-LJO -DLB (PC), 2010 WL 1035774, at *3–4 (E.D. Cal. Mar. 19, 2010)).

"Boilerplate objections do not suffice." Thomas v. Reyna, No. 1:19-cv-01217-DAD-GSA-PC, 2021 WL 5331270, at *1 (E.D. Cal. Nov. 16, 2021) (citing Fed. R. Civ. P. 34(b)(2)(B), (C); Burlington N. & Santa Fe R.R. Co. v. U.S. Dist. Ct. for the Dist. of Mont., 408 F.3d 1142, 1149 (9th Cir. 2005)). "A recitation that the discovery request is 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." Fosselman v. Caropreso, No. C 09-0055 PJH PR, 2011 WL 999549, at *4 (N.D. Cal. Mar. 18, 2011) (citing Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982). The party objecting to a request for production must show specifically that the request is not relevant, overly broad, burdensome, or oppressive. Fosselman, 2011 WL 999549, at *4 (citing Josephs, 677 F.2d at 992). The objecting party must "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(C).

Here, Plaintiff asserts that "Defendants refused to provide any documents, stating boiler plate and uncognizable reasons." (ECF No. 39.) Although Plaintiff indicates that Defendants made improper, boilerplate denials, he fails to provide the language used in the denials. However, Defendants indicate that they generally objected to Plaintiff's document requests on the following grounds:

> The document demands are compound, overbroad as to time and subject matter, seek documents that are public[ly] and equally available to Gann, irrelevant, not proportional to the needs of the case, seek documents that would constitute impermissible character evidence, that the probative value of the information sought is substantially outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury, and seek documents that would invade third-party inmates' privacy rights.

(ECF No. 40 at 3.) Defendants asserted the official information privilege, but they did not produce a privilege log due to the breadth and scope of the requests. (Id.)

Defendants indicate that the remaining objections were as follows:

> . . . compound, overbroad as to time and subject matter, irrelevant, not proportional to the needs of the case, that the probative value of the information

4

sought would be substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury, invades third-party inmates' privacy rights, or the official information privilege.

(ECF No. 40 at 3.) Defendants argue that Plaintiff has failed to demonstrate that Defendants' objections are not justified. On the contrary, Plaintiff's description of this objection as boilerplate is well-taken.

More specifically, Plaintiff asserts that the Defendants failed to respond properly to the following requests:

1.      "Request for complaints with disposition." Plaintiff argues that he does not have access to such complaints, the evidence is relevant to proof of perjury, and Defendants have submitted false statements in their answer and their responses to requests for admissions. In his response, Defendant Garcia responded that Garcia is unaware of any other lawsuits that have been filed against him; therefore, he was not in possession, custody, or control of any responsive documents. Defendant Piper responded that he was aware of two lawsuits against him: Sauceda v. Warden, No. 21C0202 (Kings Cnty. Super. Ct.) (writ of mandate action); and Lewis v. Gipson, No. 1:20-cv-00574-NONE-HBK (E.D. Cal.) (pending).

Defendants have agreed to produce copies of these two lawsuits.[1] Therefore, Plaintiff's request for documents numbered 1 is moot, and the motion to compel is DENIED in this respect.

2.      "[A]ll grievances, citizens' complaints, staff complaints, and other written documents naming [d]efendants in any capacity." Defendants asserted the boilerplate objection and added that production would require private third-party information. Plaintiff contends that this is "flatly untrue" and Defendants "provided less than honest answers in their complaint admissions." (ECF No. 39 at 2.) To this extent, Plaintiff's contentions are conclusory and unsupported by the facts as alleged. However, with respect to the remainder of the request for production, Defendants' boilerplate objection is insufficiently specific. Plaintiff's motion to compel is GRANTED IN PART, and Defendants are directed to supplement and clarify their objections to document request numbered 2.

---

[1] Defendants do not specify whether they produced only the complaints or the entire files of these cases.

3. "Documents regarding investigations." Defendants asserted the same boilerplate language, which are unjustified because of the lack of specificity in the objection. Therefore, the motion to compel is GRANTED to the extent that Defendants shall supplement and clarify their objections to document request numbered 3.

4. "Documents of discipline, letters of instruction, and supervisory reviews naming defendant. Defendants responded with a boilerplate objection, which the Plaintiff again asserts as improper." Additionally, Plaintiff argues that the request is not overbroad, but specific:

> As state above the documents are relevant, *i.e.*, the defendant claims not to have been a member of the Green Wall, yet have numerous witnesses to their activities in furtherance and as a participant in the gang. The information provided can confirm or [sic] the allegation and display the less than truthful answers provided.

(ECF No. 39 at 2.)

Under a liberal construction of Plaintiff's pleading, he appears to have clarified and limited his request to those documents related to the Green Wall (Prison Guard Gang Members). Defendants argue that Plaintiff has failed to show why their objection is unjustified or that the requested documents are relevant. In his first amended complaint, Plaintiff repeatedly alleges that Defendants are associated with the Green Wall, and such allegations were denied by Defendants in their answers. (See Docs. 11, 35.) Given the broad scope of discovery, Plaintiff's request, limited to documents related to the Green Wall, is arguably relevant.

However, this request is subsumed by document request number 5, to which Defendants answered that no responsive documents are in their possession.

5. "Documents related to "Green Wall, trainings information, citations, notices, etc.'" Defendants deny possession or existence of responsive documents after a diligent search. As this is a sworn and complete response, the Court finds that it cannot compel documents that purportedly do not exist or are not in Defendants' possession. Accordingly, Plaintiff's motion to compel is DENIED as to requests number 4 and 5.

///

///

**C. Admissions**

In the discovery and scheduling order, this Court limited the parties to twenty-five requests for according to Rule 36. (ECF No. 36.) Plaintiff propounded forty-two requests for admission on Defendant Garcia, but the defendant only responded to twenty-five of them, citing the discovery and scheduling order. Plaintiff asserts that he was aware that interrogatories were limited to twenty-five, but he was not aware of the limitation on admissions because his legal documents are in storage from his transfer from to the California Institution for Men in September 2021. (See ECF No. 37.) Therefore, Plaintiff requests that the Court grant him leave to propound the additional seventeen requests for admissions. As grounds, Plaintiff asserts that "they are simple, to the point, and are to discovery exactly what the defendant is claiming to not remember since the answer to the complaint was a large repeated 'I don't remember.'" (ECF No. 39 at 3.)

Although the Court has broad discretion to permit or deny discovery, the decision to deny discovery is improper "upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." Dichter-Mad Fam. Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (quoting Hallett, 296 F.3d at 751 (alteration omitted)). "A plaintiff seeking discovery must allege 'enough fact to raise a reasonable expectation that discovery will reveal' the evidence he seeks." Dichter, 709 F.3d at 751 (quoting Twombly, 550 U.S. 544, 556 (2007)). The party seeking to conduct additional discovery bears the burden to raise sufficient facts to show that the evidence sought actually exists. Gager v. United States, 149 F.3d 918, 922 (9th Cir. 1998) (quoting Conkle v. Jeong, 73 F.3d 909, 914 (9th Cir. 1995)).

Plaintiff advises that "much"[2] of his legal work is stored at Valley State Prison, where he was housed prior to his transfer to California Institution for Men in Chino, California. (See ECF No. 39 at 3, line 13.) However, it is unclear whether the Court's discovery and scheduling order was among those items inaccessible to him because of a transfer. While Plaintiff states that he was aware of the twenty-five limit for interrogatories but not aware of the twenty-five limit on admissions, both of these numbers are set by this Court's discovery order.

7

---

[2] Plaintiff's pleading uses the word, "must." (ECF No. 39 at 3, line 13.) The Court assumes that this is a scrivener's error and is appropriately construed as "much."

Plaintiff generally suggests that he seeks discovery to dispute Defendants' answers to the complaint. Without submission of the proposed requests for admissions or greater specificity as to their contents, the Court is unable to assess the relevance of the evidence or whether the evidence sought actually exists. Therefore, Plaintiff has failed to meet his burden to show that Defendants should be compelled to respond to Plaintiff's request for admissions beyond the standard 25 requests authorized by this Court's discovery and scheduling Order.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion to compel is GRANTED IN PART and DENIED IN PART as follows:

1. Defendants have agreed to produce documents responsive to request number 1; therefore, the request is DENIED AS MOOT;
2. Plaintiff's motion GRANTED as to document requests numbered 2 and 3, and Defendants shall provide better answers to these requests within twenty-one (21) days;
3. Defendants have provided complete answers to requests to produce numbered 4 and 5; therefore, these requests sought by the motion to compel are DENIED; and
4. Plaintiff's motion for leave to file additional requests for admission and to compel answers to requests for admissions numbered 26–42 is DENIED.

IT IS SO ORDERED.

Dated: **January 25, 2022**

UNITED STATES MAGISTRATE JUDGE